THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARCUSAZIA CHAMBERS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JILL COPELAND and THE UNIVERSITY OF ALASKA POLICE DEPARTMENT,<br><br>　　　　　　Defendants. | Case No. 4:25-cv-00011-SLG |

## SCREENING ORDER

On March 13, 2025, self-represented prisoner Marcusazia Chambers, also known as Apollo Knight,[1] ("Plaintiff") filed a civil complaint, a civil cover sheet, and an application to waive prepayment of the filing fee.[2] Plaintiff's Complaint alleges that he was subjected to police brutality and wrongfully arrested on school grounds in June 2023.[3] Plaintiff claims he was found innocent after a trial by jury, but the "University of Alaska Fairbanks Police Department… continued to deprive [him] of [his] basic human rights."[4] For relief, Plaintiff seeks $750,000 in damages.[5]

---

[1] Plaintiff's name was legally changed from Marcusazia Chambers to Apollo Anthony Knight in February 2025. *In the Matter of: Chambers, Marcusazia New Name: Knight, Apollo Anthony AKW,* Case No. 4FA-25-01219CI.

[2] Dockets 1-4.

[3] Docket 1 at 2.

[4] Docket 1 at 2.

[5] Docket 1 at 2.

As an initial matter, this action is deficient because Plaintiff has not paid the filing fee or filed a completed application to waive prepayment of the fee with a statement from his prison trust account for the six months preceding the date this case was filed.[6] Although at Docket 3, Plaintiff filed a motion to waive prepayment of the filing fee on a state court form, that filing does not satisfy the requirements for proceeding without prepayment of fees under federal law. Therefore, Plaintiff's motion at **Docket 3 is DENIED without prejudice to filing a completed application that complies with federal law.**

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** to file an amended complaint that attempts to correct the deficiencies identified in this order.

If Plaintiff chooses to file an amended complaint, he must also file a completed application to waive prepayment of the filing fee and a statement of his prisoner trust account for the past six months. Should Plaintiff proceed with this

---

[6] Plaintiff lists his address as the Fairbanks Correctional Center. For a prisoner to properly commence a civil action against a government actor, the litigant must either pay the filing fee of $405.00 or file an application to waive prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(2). *See also* Alaska Local Civil Rule 3.1(c)(3) ("Applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 must be fully completed and signed before an application to waive prepayment of fees will be considered. Prisoners must include a certified copy of their prison trust account statement, dating back six months.").

Case No. 4:25-cv-00011-SLG, *Chambers v. Copeland, et al.*
Screening Order
Page 2 of 16
Case 4:25-cv-00011-SLG    Document 4    Filed 07/28/25    Page 2 of 16

case, the Court will issue a separate order on the collection of the filing fee. Alternatively, Plaintiff may file a notice of voluntarily dismissal in which he elects to close this case.

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Courtview records of the Alaska Court System.[7]

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[8] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[9]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to

---

[7] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); See also *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[8] 28 U.S.C. §§ 1915, 1915A.

[9] 28 U.S.C. § 1915(e)(2)(B).

Case No. 4:25-cv-00011-SLG, *Chambers v. Copeland, et al.*
Screening Order
Page 3 of 16
Case 4:25-cv-00011-SLG    Document 4    Filed 07/28/25    Page 3 of 16

the plaintiff, and resolve all doubts in the plaintiff's favor.[10]  However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[11] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[12] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[13]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[14]  Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[15]

## DISCUSSION

### I.     Requirements to State a Claim

---

[10]*Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[11] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[12] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[13] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[14] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[15] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 4:25-cv-00011-SLG, *Chambers v. Copeland, et al.*
Screening Order
Page 4 of 16
Case 4:25-cv-00011-SLG     Document 4     Filed 07/28/25     Page 4 of 16

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[16] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[17] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[18] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19]

Further, a federal court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim,[20] and it is not a court's responsibility to review filings or exhibits to identify possible claims. A complaint must allege that the plaintiff suffered a specific injury as a result of the

---

[16] Fed. R. Civ. P. 8(a)(2).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[18] *Id.* (quoting *Twombly*, 550 U.S. at 570). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[19] *Ashcroft,* 556 U.S. at 678.

[20] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Case No. 4:25-cv-00011-SLG, *Chambers v. Copeland, et al.*
Screening Order
Page 5 of 16
Case 4:25-cv-00011-SLG   Document 4   Filed 07/28/25   Page 5 of 16

conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[21]

### II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[22] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[23] To be deprived of a right, the defendant's action must either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[24] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[25]

### A. Plaintiff cannot bring civil rights claims against the University of Alaska Police Department

A defendant in a civil rights lawsuit must be a "person."[26] Further, the Eleventh Amendment to the U.S. Constitution protects states and state instrumentalities—the "arms of the state" such as the State's governmental

---

[21] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[22] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[23] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[24] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[25] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[26] 42 U.S.C. § 1983.

Case No. 4:25-cv-00011-SLG, *Chambers v. Copeland, et al.*
Screening Order
Page 6 of 16
Case 4:25-cv-00011-SLG    Document 4    Filed 07/28/25    Page 6 of 16

branches, divisions, offices, and departments—from being sued in federal court unless the state has waived its immunity.[27] Both the Ninth Circuit and the Alaska Supreme Court have held that the University of Alaska is an instrumentality of the State of Alaska.[28] The State has not waived immunity for civil rights claims alleging violations of the federal Constitution in federal court. Therefore, Plaintiff's claim against the University of Alaska Police Department cannot be maintained in federal court and this Defendant must be dismissed with prejudice. Any amended complaint must not include the University of Alaska Police Department as a Defendant.

### B. Fourth Amendment Claims of Unreasonable Seizure of Person

Plaintiff also names Office Jill Copeland as a Defendant; she appears to be a state actor against whom a Section 1983 claim may be brought. The Fourth Amendment protects "against unreasonable searches and seizures."[29] An arrest pursuant to a valid warrant is presumptively reasonable,[30] and even an arrest without a warrant is lawful if the officer has probable cause to believe the suspect

---

[27] *Doe v. Regents of the Univ. of Calif.*, 891 F.3d 1147, 1153 (9th Cir. 2018); *Alabama v. Pugh,* 348 U.S. 781 (1978).

[28] *See Townsend v. Univ. of Alaska,* 543 F.3d 478, 481 (9th Cir. 2008) ("It is undisputed that the University is an arm of the State of Alaska"); *Ellingstad v. State, Dep't of Natural Resources*, 979 P.2d 1000, 1007 (Alaska 1999) ("Alaska law treats the University as a state entity for purposes of sovereign immunity"); *Univ. of Alaska v. Nat'l Aircraft Leasing, Ltd.,* 536 P.2d 121, 124 (Alaska 1975) ("[T]he University must be regarded as uniquely an instrumentality of the state itself").

[29] U.S. Const. amend IV. *See also* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.20 (Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—Generally) and the cases cited therein.

[30] *United States v. Soriano*, 361 F.3d 494, 505 (9th Cir. 2004) ("An arrest made pursuant to a facially valid warrant is presumptively reasonable.").

Case No. 4:25-cv-00011-SLG, *Chambers v. Copeland, et al.*
Screening Order
Page 7 of 16
Case 4:25-cv-00011-SLG   Document 4   Filed 07/28/25   Page 7 of 16

committed a crime.[31] However, even where an arrest is lawful, the use of excessive force in carrying out the arrest may still violate the Fourth Amendment.[32] Claims of excessive force during seizures are evaluated under the Fourth Amendment's reasonableness standard.[33] To determine whether force was "reasonable" under the Fourth Amendment, a court must carefully balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake."[34]

Plaintiff claims he was subjected to police brutality, held at gunpoint, and arrested, but the Complaint does not contain any explanation of the specific charges that were brought against Plaintiff or the circumstances of his arrest, such as whether the arresting officer had a warrant. Additionally, the Complaint does not contain sufficient facts, accepted as true, that state a plausible excessive force claim because the Complaint fails to identify the specific action(s) Officer Copeland took, when she took that action, and how that action resulted in injury or harm to Plaintiff.[35]

---

[31] See *Barry v. Fowler*, 902 F.2d 770, 772 (9th Cir. 1990) ("A warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed."). *See also* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.23 (Particular Rights—Fourth Amendment—Unreasonable Seizure of Person— Probable Cause Arrest) and the cases cited therein.

[32] See *Graham v. Connor*, 490 U.S. 386, 395–96 (1989); *Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir. 2005) (en banc) ("[T]he reasonableness of force used is analyzed separately from the reasonableness of the underlying arrest.").

[33] *Graham v. Connor*, 490 U.S. 386 (1989). *See also* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.25: Fourth Amendment Excessive Force, and the cases cited therein.

[34] *Graham v. Connor,* 490 U.S. 386, 396 (1989) (internal quotation marks omitted).

[35] See *Alexander v. Cnty. of Los Angeles*, 64 F.3d 1315, 1320 (9th Cir. 1995) ("It is well settled

Case No. 4:25-cv-00011-SLG, *Chambers v. Copeland, et al.*
Screening Order
Page 8 of 16
Case 4:25-cv-00011-SLG    Document 4    Filed 07/28/25    Page 8 of 16

Although Plaintiff claims he was arrested in June 2023, a search of the publicly available state court records produced no results for criminal cases filed in state court against Plaintiff during the month of June 2023. Indeed, there are no publicly available records for any criminal cases filed against him between November 12, 2022, and February 12, 2024.[36] It is Plaintiff's responsibility to gather and plead the necessary facts to support his claims. Apart from reviewing the publicly available Alaska state court dockets, the Court does not conduct any independent research when screening a complaint.

For these reasons, the Complaint is DISMISSED. Plaintiff is accorded **60 days** to file an amended complaint that corrects the deficiencies identified in this order. In an amended complaint, Plaintiff must identify the state court criminal case number, the outcome (including any sentencing information), and any relevant dates (date of arrest, dates of arraignment or bail hearing, date of disposition, date of release, etc.). In addition, an amended complaint must identify the specific action(s) taken by Officer Copeland that caused him injury.

---

that when an officer reasonably believes force is necessary to protect his own safety or the safety of the public, measures used to restrain individuals, such as stopping them at gunpoint and handcuffing them, are reasonable."); *see also Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010) ("The 'most important' factor under *Graham* is whether the suspect posed an 'immediate threat to the safety of the officers or others.' ") (quoting *Smith v. City of Hemet*, 394 F.3d 689, 702 (9th Cir. 2005) (en banc)).

[36] Publicly available records of the Alaska Court System may be accessed online at https://courts.alaska.gov/main/search-cases.htm. *But see* Alaska Statute § 22.35.030 (providing for the removal of criminal cases on a publicly available website when a defendant has been acquitted of all charges filed in the case).

Case No. 4:25-cv-00011-SLG, *Chambers v. Copeland, et al.*
Screening Order
Page 9 of 16
Case 4:25-cv-00011-SLG   Document 4   Filed 07/28/25   Page 9 of 16

### C. Supplemental Jurisdiction over State Tort Claims

Civil assault, battery, and defamation claims do not arise under U.S. Constitution or a federal statute. Instead, they are tort claims grounded in state law and typically addressed in state court.[37] A federal court may assert supplemental jurisdiction over related state law claims that "form part of the same case or controversy" as the federal clams, but a plaintiff must first have a cognizable claim for relief under federal law.[38]

Additionally, Plaintiff appears to be pursuing a personal injury claim against Officer Jill Copeland in the Alaska state court.[39] Although a plaintiff may be able to pursue both a state personal injury case and a federal excessive force case based on the same underlying events,[40] maintaining two separate cases can lead to legal and procedural issues, especially after one case has been decided while the other case is still proceeding.[41] These rules are complicated, and it is Plaintiff's responsibility to research and follow the proper legal procedures.

---

[37] See *Keller v. French*, 205 P.3d 299, 303–04 (Alaska 2009) (explaining that assault requires an act that puts the plaintiff in reasonable apprehension of immediate bodily harm)

[38] 28 U.S.C. § 1367(a).

[39] Docket 1 at 2. *See also Chambers, Marcusazia vs. Copeland, Officer Jill, et al.,* Case No. 4FA-25-01263CI.

[40] See *Donovan v. Reinbold*, 433 F.2d 738, 742 (9th Cir. 1970) (recognizing that federal civil rights and state tort claims may proceed concurrently); *Wilson v. Garcia*, 471 U.S. 261, 273(1985) (noting that § 1983 claims are distinct from state personal injury actions, even though they may be based on the same facts).

[41] See *Holcombe v. Hosmer*, 477 F.3d 1094, 1097–98 (9th Cir. 2007) ("Under 28 U.S.C. § 1738, federal courts must give state court judgments the same preclusive effect that they would be given in that state's courts."); *San Remo Hotel, L.P. v. City & Cnty. of S.F.*, 545 U.S. 323, 336–37 (2005) (holding that the full faith and credit statute prohibits parties from relitigating issues that have been resolved by a court of competent jurisdiction).

Case No. 4:25-cv-00011-SLG, *Chambers v. Copeland, et al.*
Screening Order
Page 10 of 16
Case 4:25-cv-00011-SLG    Document 4    Filed 07/28/25    Page 10 of 16

### III. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[42] A complaint need only to allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[43] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[44] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances." Although Plaintiff is being given an opportunity to file an amended complaint, he must not expand the scope of the case by alleging new unrelated parties or claims. An amended complaint must not include any claim against the University of Alaska Police Department.

---

[42] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[43] Fed. Rule Civ. Proc. 8(a)(2).

[44] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 4:25-cv-00011-SLG, *Chambers v. Copeland, et al.*
Screening Order
Page 11 of 16
Case 4:25-cv-00011-SLG    Document 4    Filed 07/28/25    Page 11 of 16

If Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should any amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders.

If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form, this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff for failure to state a claim. If an amended complaint is dismissed as frivolous, malicious, or for failure to state a claim, and the case is closed, it will count as a strike against Plaintiff. A Notice of Voluntary Dismissal does not count as a strike.[45]

### IV. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[46] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[47] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court

---

[45] *Spencer v. Barajas*, 140 F.4th 1061 (9th Cir. 2025).

[46] 28 U.S.C.A. § 1915(g).

[47] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

Case No. 4:25-cv-00011-SLG, *Chambers v. Copeland, et al.*
Screening Order
Page 12 of 16
Case 4:25-cv-00011-SLG   Document 4   Filed 07/28/25   Page 12 of 16

without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[48] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[49] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[50] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[51]

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED**. The Court grants Plaintiff leave to file an amended complaint that attempts to correct the deficiencies in the Complaint that are identified in this order.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

   a. First Amended Complaint, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

---

[48] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[49] *Andrews,* 493 F.3d at 1056 (cleaned up).

[50] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[51] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

Case No. 4:25-cv-00011-SLG, *Chambers v. Copeland, et al.*
Screening Order
Page 13 of 16
Case 4:25-cv-00011-SLG   Document 4   Filed 07/28/25   Page 13 of 16

b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

3. If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form, this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) as a strike and without further notice to Plaintiff, for failure to state a claim.

4. Plaintiff's application to waive prepayment of the filing fee at **Docket 3** is incomplete and is therefore **DENIED.**

5. Should Plaintiff elect to proceed with this case, he must either pay the filing fee of $405.00 or file a completed and signed prisoner application to waive payment of the filing fee **on or before the date the amended complaint is filed**. The application must include an attached statement from Plaintiff's prison trust account for the six months preceding the date this case was filed.

6. Federal law only allows the Court to waive a prisoner's *prepayment* of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[52] Should Plaintiff proceed with this lawsuit, the Court will issue a separate order for the collection of the filing fee.

7. If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his

---

[52] 28 U.S.C. § 1915(b)(1)&(2).

Case No. 4:25-cv-00011-SLG, *Chambers v. Copeland, et al.*
Screening Order
Page 14 of 16
Case 4:25-cv-00011-SLG   Document 4   Filed 07/28/25   Page 14 of 16

release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[53] Failure to comply may result in dismissal of this action.

8. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[54] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

9. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

10. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[55] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of

---

[53] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[54] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[55] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 4:25-cv-00011-SLG, *Chambers v. Copeland, et al.*
Screening Order
Page 15 of 16
Case 4:25-cv-00011-SLG     Document 4     Filed 07/28/25     Page 15 of 16

Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

11. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS10, Prisoner's application to waive prepayment of the filing fee; (3) form PS09, Notice of Voluntary Dismissal; and (4) form PS23, Notice of Change of Address.

DATED this 28th day of July, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 4:25-cv-00011-SLG, *Chambers v. Copeland, et al.*
Screening Order
Page 16 of 16
Case 4:25-cv-00011-SLG    Document 4    Filed 07/28/25    Page 16 of 16